BEFORE THE THIRD DIVISION, MARCH 1, 1965

No. 69103.—Authentic Furniture Products, Inc., et al. *v.* United States, protests 64/10347, etc. (Los Angeles).

RICHARDSON, Judge:   When these cases were called, defendant's counsel moved for their dismissal on the ground that the court lacked jurisdiction to entertain them.   The motion was not opposed by the plaintiff.

The basis of the motion is contained in the explanation which counsel gave to the trial judge as follows:

MR. STEINBERG:   These are requests to reliquidate on the grounds of clerical error in appraisement pursuant to section 520(c)(1) which were sent to the collector at Los Angeles and the collector inadvertently forwarded these requests to the court.   And these requests were given a court protest number.   And the requests are to reliquidate for clerical error which the collector has not at this date made any refusal to reliquidate.   Therefore, these requests should be remanded to the collector's office for administrative action.

In proceeding number 64/10347, a printed formal protest blank was filed by plaintiffs' counsel covering three entries, but the specific claim typed on the blank was in the form of a "request" for reliquidation, which reads as follows:

Excessive duties were assessed herein.   Reliquidation of these entries is requested to correct a mistake of fact which took place in appraisement of the furniture covered by these entries when the F.O.B. charges were not allowed as nondutiable items.

In proceeding numbers 64/1150, 64/1151, and 64/3216, counsel for plaintiffs only entered appearances.   Only in proceeding number 64/3216 was an entry forwarded to the court.   In all of these cases, a request was made of the collector by the broker in the following language:

Sir:

Persuant [*sic*] to Section 520(c)(1), Tarriff [*sic*] act and customs regulations section 16.13, it is requested you review this entry for correction of possible clerical error, mistake of fact, or other inadvertence in appraisement;

There then follows in each case a statement of the details of appraisement, followed by a statement of the claim made.

We are of the opinion that no protests are before the court in these proceedings.   All that is in the record of these cases is a request for administrative action which may or may not have been acted upon, according to one's interpre-

tation of the reports attached to the requests by the collector. In any event, in the absence of a protest in these cases, the court is without jurisdiction to make a judicial determination, and the "protests" are dismissed without prejudice.

Judgment will be entered accordingly.